LORD & SPENCER CO. v. EGAN, FICKETT & CO., Inc.

Civ. A. No. 8755.

United States District Court
D. Massachusetts.

Dec. 6, 1950.

Samuel J. Raphel, Boston, Mass., for plaintiff.

Allen T. Dresser, Boston, Mass., for defendant.

FORD, District Judge.

This case was begun as a proceeding under the Perishable Agricultural Commodities Act, 7 U.S.C.A. §§ 499a–499r, before the United States Department of Agriculture by Egan, Fickett & Co., Inc., for reparation for the alleged failure of Lord & Spencer Co., to pay for two cars of oranges purchased from Egan, Fickett &

Co., Inc. Lord & Spencer Co. filed a counterclaim for $1,288.75 for breach of warranty. The complaint was heard by an examiner and a reparation order was issued requiring Lord & Spencer Co. to pay the sum of $1,187.75 to Egan, Fickett & Co., Inc., and dismissing the counterclaim. Lord & Spencer Co. appealed to this court, and the case was tried *de novo* without jury, with the findings of fact and order of the Secretary of Agriculture being accepted as prima facie evidence of the facts stated therein.

## Findings of Fact.

1. Petitioner, Lord & Spencer Co., is a corporation conducting a fruit and produce business at the Boston Market Terminal, in Boston, Massachusetts, and licensed as a commission merchant under the Perishable Agricultural Commodities Act.

2. Respondent, Egan, Fickett & Co., Inc., is a New York corporation licensed as a commission merchant or broker under the Perishable Agricultural Commodities Act.

3. On June 4, 1948, respondent through its Boston agent, Edward Melia, Jr., sold at Boston to petitioner a carload of 525 boxes of "Certi-Sweet" brand color-added Florida Valencia oranges contained in car FGEX 36125, at an agreed total price of $1,312.50 f.o.b. Ocoee, Florida. The transaction was confirmed by a written memorandum of sale signed by Melia.

4. On the same day, respondent through the same agent sold at Boston to petitioner a carload of 525 boxes of "Clipper" brand color-added Florida Valencia oranges, contained in car WFEX 63007, at an agreed price for the car (including a pre-cooling charge of $25.00) of $1,257.50 f.o.b. Frostproof, Florida. The sale was confirmed by a similar written memorandum of sale.

5. Both "Certi-Sweet" and "Clipper" are known in the trade as brand names for oranges of U. S. No. 2 grade.

6. At the time of the purchase of these two cars of oranges, petitioner made known to respondent that it intended to place these oranges in storage and that it wanted oranges suitable for cold storage purposes. Petitioner relied on respondent's skill and judgment in selecting oranges suitable for that purpose.

7. Car FGEX 36125 reached the Boston Market Terminal on June 7, 1948 and car WFEX 63007 on June 8, 1948. The oranges in both cars were inspected by G. H. Irish, an inspector for the United States Department of Agriculture, as well as by an inspector of the National Perishable Inspection Service, Inc., a private inspection service hired by Lord & Spencer Co.

8. Oranges taken from these cars were examined on the day of arrival by Frank Galotti, purchasing agent of petitioner, who informed Melia, the agent of respondent, that the oranges were not fit for cold storage purposes and refused to accept them.

9. The oranges in both cars were examined by inspectors of the Department of Agriculture in Florida at the time of loading. Oranges in both cars were then mature, generally firm, mostly well formed and well colored and of fairly smooth texture. No decay was found in oranges in car FGEX 36125 and the oranges were graded as "U.S. No. 2, approximately 25% U.S. No. 1 quality." In car WFEX 63007 less than 1/2% to 1% of decay was found and the oranges were graded as "U.S. No. 2, approximately 35% U.S. No. 1 quality."

10. When car FGEX 36125 arrived in Boston on June 7, 1948 the oranges were well formed with generally fairly smooth texture, mostly well colored, some fairly well colored. They were firm, with an average of 2% showing serious damage by skin breakdown, and an average of 2% showing decay. The temperature of the oranges ranged from 54°F., at the top of the car to 46°F., at the bottom. The ice bunkers were full.

11. In car WFEX 63007 at the time of its arrival the oranges were clean, generally well formed, reasonably well colored, mostly fairly smooth, with less than 1% showing blue mold rot. The temperature of these oranges in the car ranged from 62°F., at the top to 50°F., at the bottom. There was about one foot of ice in the bunkers, which hold seven feet of ice when full.

12. The defects found in the oranges in these two cars were within the tolerance al-

788

lowed for U.S. No. 2 grade Valencia oranges, which allows 10% of ordinary defects and 3% of decay.

13. The oranges in these cars at the time of their arrival in Boston were of merchantable quality and were reasonably fit for cold storage purposes.

14. On June 9, 1948, the cars were diverted to Egan, Fickett & Co., at the Boston and Maine Fruit Terminal, in Boston, and on June 10, 1948 the fruit was sold at auction. Respondent received the proceeds of these sales, $778.66 in the case of car FGEX 36125 and $603.49 in the case of car WFEX 63007.

15. The remainder of the contract price for the two cars of oranges in the amount of $1,187.75 has not been paid.

## Conclusions of Law.

1. Respondent warranted that the oranges in cars FGEX 36125 and WFEX 63007 were of merchantable quality and reasonably suitable for cold storage purposes.

2. Petitioner has the burden of establishing that these oranges did not conform to the warranty.

3. Petitioner has failed to sustain its burden of showing that there was any breach of respondent's warranty, in that it has failed to show by the preponderance of evidence that these oranges were not merchantable and not reasonably fit for cold storage purposes.

4. The refusal of petitioner to accept and pay for the oranges was without reasonable cause and in violation of § 2 of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.A. § 499b.

5. Respondent is entitled to judgment for the part of the contract price of the oranges remaining unpaid.

6. Respondent is entitled to judgment in its favor on the counterclaim of petitioner here.

Judgment for respondent on its claim for reparation for $1,187.75 with interest and costs.

Judgment for respondent on petitioner's counterclaim.